(No. 60809.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EDWARD G. CUNNINGHAM, Appellee.

*Opinion filed July 26, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Joan C. Scott, State's Attorney, of Lewistown (Jill Wine-Banks, Solicitor General, Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago, and John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Thomas A. Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

By separate informations, in the circuit court of Fulton County, defendant, Edward G. Cunningham, was charged with two counts of aggravated indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—

4.1(a)(1)(B)) and one count of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(2)). Following a stipulated bench trial defendant was convicted of all three counts and sentenced to concurrent terms of 12 years on each charge of aggravated indecent liberties with a child and 4 years on the conviction for indecent liberties with a child. The appellate court reversed (126 Ill. App. 3d 637), and we allowed the People's petition for leave to appeal (94 Ill. 2d R. 315(a)). The facts are adequately set forth in the opinion of the appellate court and will be stated here only to the extent necessary to discuss the issues.

The record shows that there was a pattern of frequent illicit sexual conduct among the members of defendant's family, including defendant, his stepson, Gordon Griffith, and defendant's three step-grandsons, Richard Roberts, David Griffith and Joseph Roberts. David Griffith and Joseph Roberts are the children named in the informations charging defendant with the offenses involved in this case. Defendant's stepson, Gordon Griffith, and defendant's step-grandson, Richard Roberts, were charged in separate informations with separate incidents of indecent liberties with the child named in the informations charging defendant with aggravated indecent liberties.

The public defender of Fulton County was appointed to represent defendant, Gordon Griffith and Richard Roberts. Richard Roberts, represented by the public defender, entered a negotiated plea of guilty to two counts of indecent liberties with a child. Two days later, defendant, represented by the public defender, filed a motion to suppress defendant's statements to the sheriff of Fulton County. Approximately two weeks later, Gordon Griffith, represented by the assistant public defender, also entered a negotiated plea of guilty to one count of indecent liberties with a child. During a hearing on defendant's

motion to suppress, the public defender informed the circuit court that there existed a potential conflict of interest because in answers to discovery requests Richard Roberts and Gordon Griffith were listed as possible witnesses for the People. Counsel requested that if the motion to suppress was denied he be given leave to withdraw as attorney for defendant. The circuit court denied the motion to suppress the statements, and no written motion to withdraw was thereafter filed.

In a stipulated bench trial in which defendant was represented by the assistant public defender, the State's Attorney stated and defendant stipulated to what Joseph Roberts, David Griffith and Sergeant Daniel Daly of the Fulton County sheriff's department would testify. The court found defendant guilty on all three counts.

The appellate court, in reversing, held that the public defender's representation of two defendants in addition to this defendant on charges involving the same complainant created a *per se* conflict of interest which deprived the defendant of effective representation notwithstanding the fact that the others had pleaded guilty and were sentenced prior to defendant's trial, and did not testify against defendant. The appellate court held that defendant's awareness that the public defender represented the others charged with similar sex offenses involving the same complainant did not amount to a knowing and intentional waiver of the conflict of interest raised by defendant on appeal, and that the record did not indicate that he was advised of the existing or potential conflict. The appellate court stated, too, that an attorney's obligation not to disclose a confidence which he might have received from a client could give rise to a conflict of interest, even though the attorney-client relationship with the prospective witness had been terminated at the time of defendant's trial.

The People contend that the appellate court erred in

holding that the representation by the public defender of two individuals who might have been called as witnesses at defendant's trial created a *per se* conflict of interest. They argue that in order to establish a violation of his constitutional right to counsel defendant must demonstrate "that a conflict of interest actually affected his attorney's performance."

In *People v. Washington* (1984), 101 Ill. 2d 104, the court reviewed a number of its earlier decisions and drew the distinction between situations in which counsel for a defendant represented the administrator of the victim's estate (*People v. Coslet* (1977), 67 Ill. 2d 127) or the victim of a theft (*People v. Stoval* (1968), 40 Ill. 2d 109) and those in which defense counsel represented multiple defendants (*People v. Berland* (1978), 74 Ill. 2d 286; *People v. Echols* (1978), 74 Ill. 2d 319). The court said:

> "When an actual conflict has been shown, it is unnecessary to demonstrate prejudice in order to sustain a claim of violation of the right to the assistance of counsel. (*Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173; *Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; *People v. Stoval* (1968), 40 Ill. 2d 109.) The approach in joint representation cases is different from the *per se* rule because, as was recognized in *Cuyler* [*v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708], 'a possible conflict inheres in almost every instance of multiple representation.' 446 U.S. 335, 348, 64 L. Ed. 2d 333, 346, 100 S. Ct. 1708, 1718." *People v. Washington* (1984), 101 Ill. 2d 104, 112.

Defendant argues that because the criminal acts of the three defendants were committed against the same victim, the cases were sufficiently interrelated so that representation by a single attorney necessarily exposed the public defender to information which would be prejudicial to the other defendants. Alternatively, he argues

that this is not the usual multiple-representation case; that because defendants were charged by separate informations dealing with separate occurrences they were not codefendants and thus the *per se* standard is applicable. Although Griffith, Roberts and defendant were not codefendants, we are of the opinion that here, where there was a common victim in all three cases, the cases are so interrelated that the rule governing joint representation of defendants should apply.

Applying the foregoing rule we consider whether defendant has demonstrated " 'an actual conflict of interest manifested at trial' " which resulted in a denial of effective assistance of counsel. (*People v. Washington* (1984), 101 Ill. 2d 104, 112.) Defendant contends that the actual conflict of interest is evinced by the public defender's decision to rely totally on the motion to suppress instead of also pursuing a psychological defense, and by his decision to proceed to a stipulated bench trial which allowed him to avoid having to cross-examine Griffith and Roberts.

In *United States v. Jeffers* (7th Cir. 1975), 520 F.2d 1256, the court was asked to decide "whether the failure of defense counsel to conduct a thorough cross-examination of a former client who testified as a prosecution witness requires reversal of a conviction for a conspiracy to distribute heroin and cocaine." (520 F.2d 1256, 1259.) In determining whether counsel's undivided loyalties reside with his current client where the alleged conflict of interest is based on the prior representation of a prosecution witness by defense counsel, the court in *Jeffers* applied a two-prong test. The first factor is whether the attorney's pecuniary interest and possible future business may cause him to avoid vigorous cross-examination which might be embarrassing or offensive to the witness. The second is the possibility that privileged information obtained from the witness might be relevant to the

cross-examination. Because the potential witnesses were indigent, the public defender would have no pecuniary interest in them, and the first of these factors is clearly not significant here. As to the second factor, the People have correctly noted that since neither defendant, Griffith nor Roberts was present for or participated in any of the acts for which the others were charged, neither Griffith nor Roberts could have provided any direct evidence against defendant. Therefore, there was no possibility that the public defender would elicit privileged information relevant to the cross-examination.

This court has held that mere hypothetical or speculative conflicts will not suffice. (*People v. Robinson* (1979), 79 Ill. 2d 147, 169.) We find nothing to indicate that the defense of defendant was to any degree inhibited because of the alleged joint representation. We conclude therefore that defendant has failed to demonstrate an actual conflict of interest which denied him effective assistance of counsel.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*