THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID BRADFORD, Defendant-Appellant.

Second District   No. 2—88—0762

Opinion filed June 14, 1990.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, David Bradford, was convicted of residential burglary and sentenced to a 10-year term of imprisonment. Defendant contends on appeal that his attorney was operating under a conflict of interest because he briefly represented an accomplice who testified against defendant at trial. We affirm.

Public defender George Fischer was appointed to represent defendant after another attorney from his office withdrew from the case. At a status hearing on November 4, 1987, Fischer advised the court that he also represented defendant's alleged accomplice in the burglary, Richard Thompson, and that Thompson had made some statements implicating defendant. Fischer stated, "I have not talked to Mr. Thompson about this matter." He then advised the court that the possible options were for him to withdraw from representing Thompson or to withdraw from both cases, which would necessitate the appointment of outside counsel for either defendant or Thompson.

The trial judge responded by telling Fischer to solve "whichever of the two is your most immediate conflict situation" and stating that, if necessary, he would appoint outside counsel. The judge then told defendant that it would take about a week to resolve the matter of who would represent him.

Fischer continued representing defendant. Thompson pleaded guilty to the charge against him before defendant's trial. The potential conflict was not mentioned again at any hearing until Fischer cross-examined Thompson at defendant's trial on June 14, 1988. Fischer asked if Thompson was aware why Fischer had stopped representing him. After the State objected, Fischer stated as follows:

"Well, Your Honor, there's a—through the testimony that came out here it appears that there might be an inherent conflict because I'm trying a case of a co-defendant. And I'll represent to the Court just to clear that part of it up that I was here on duty for preliminary hearing, realized there was a potential conflict and immediately assigned the case out so that I could represent one and not both of these potential defendants."

The trial judge said he would accept Fischer's statement. The court subsequently found defendant guilty.

Defendant argues on appeal that a *per se* conflict of interest existed by virtue of Fischer's prior representation of Thompson and that, even if no *per se* conflict existed, the trial judge failed to take appropriate measures when the potential conflict was brought to his attention. Under similar circumstances, our supreme court held in *People v. Cunningham* (1985), 107 Ill. 2d 143, that no *per se* conflict of interest existed. In *Cunningham*, the public defender represented defendant and two other individuals charged with separate sex offenses against the same victim. The other two individuals pleaded guilty and were listed as potential witnesses for the State at defendant's trial. Defendant was found guilty after a stipulated bench trial. *Cunningham*, 107 Ill. 2d at 146-47.

■■ The court noted in *Cunningham* the general rule that in cases involving joint representation of codefendants, there is no *per se* conflict of interest. (107 Ill. 2d at 148; see also *People v. Spreitzer* (1988), 123 Ill. 2d 1, 17.) Although defendant and the other two individuals were not technically codefendants, the court stated that since there was a common victim, the cases were so interrelated that the rules governing joint representation of codefendants should apply. (*Cunningham*, 107 Ill. 2d at 149.) Since there was no *per se* conflict, defendant had to show that an actual conflict of interest had manifested itself at trial. (107 Ill. 2d at 149.) In the case at bar, defendant

and Thompson were charged with identical crimes against identical victims. Although they may not have technically been codefendants, it is clear under *Cunningham* that the rules regarding joint representation of codefendants still apply and there is no *per se* conflict of interest.

■ Defendant also argues, however, that, even if there was no *per se* conflict of interest, a new trial is required because his attorney brought the potential conflict to the trial judge's attention and the court failed to take adequate measures. In situations involving joint representation, if defendant's attorney brings a potential conflict to the trial judge's attention at an early stage of the proceeding, the trial court has a duty either to appoint separate counsel or take adequate measures to determine whether the risk of conflict is too remote to warrant separate counsel. (*Holloway v. Arkansas* (1978), 435 U.S. 475, 484, 55 L. Ed. 2d 426, 434, 98 S. Ct. 1173, 1178; *People v. Spreitzer* (1988), 123 Ill. 2d 1, 18.) If the potential conflict is not brought to the attention of the trial court, defendant must show that an actual conflict of interest existed and adversely affected counsel's performance. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 350, 64 L. Ed. 2d 333, 348, 100 S. Ct. 1708, 1719; *Spreitzer*, 123 Ill. 2d at 18.

■ Here, as in *People v. Jones* (1988), 121 Ill. 2d 21, we must determine whether the potential conflict was brought to the attention of the trial court within the meaning of *Holloway*. In *Jones*, the trial judge raised the issue of a possible conflict during a trial in which the two defendants were jointly represented by two attorneys who were acting as a team. At the close of the State's case, the trial judge invited defense counsel to move for a mistrial if they believed there was a conflict. Defense counsel moved for a mistrial the next day but based the motion primarily upon another ground and only obliquely referred to the possible conflict. The trial court denied the motion. *Jones*, 121 Ill. 2d at 28-29.

Our supreme court determined in *Jones* that the actions and remarks of defense counsel were not sufficient assertions of a conflict of interest to warrant reversal under *Holloway*. (121 Ill. 2d at 29.) The court noted that, in *Holloway*, defense counsel made motions for separate counsel and advised the court prior to trial that he could not adequately represent the interests of the codefendants because of the testimony they would give. (121 Ill. 2d at 29.) By contrast, in *Jones*, the trial court raised the issue of the potential conflict *sua sponte*, defense counsel never sought the appointment of separate counsel, and defense counsel was not able to articulate how their trial strategy was affected by the purported conflict. (121 Ill. 2d at 29.) The court stated

as follows in *Jones*:

> "Thus, this is not a case in which, as in *Holloway*, counsel was forced to proceed after his repeated objections were disregarded. We find that the *Holloway* standard was not satisfied." 121 Ill. 2d at 29.

Similarly, the instant case was not one in which defense counsel was forced to proceed after expressing repeated objections to his continued representation of defendant. Defense counsel merely mentioned the issue of a potential conflict, the trial judge told him to take the necessary steps to resolve it, and the matter was not raised again until trial. At that point, defendant's attorney again raised the issue but stated the potential conflict was resolved because he had ceased representing Thompson immediately upon realizing the potential for a conflict of interest. Here, as in *Jones*, defense counsel never made a motion to withdraw or sought to withdraw from representing defendant. We conclude that defense counsel's actions and remarks were not sufficient assertions of a conflict of interest to warrant reversal and a new trial.

Our conclusion is bolstered by a case we have previously cited and discussed, *People v. Cunningham* (1985), 107 Ill. 2d 143. Although defense counsel mentioned the possibility of a conflict of interest to the trial judge prior to trial, counsel never filed a motion to withdraw from representing defendant. (*Cunningham*, 107 Ill. 2d at 147.) The same is true in the case at bar. Our supreme court ruled in *Cunningham* that defendant would only be entitled to a new trial if he demonstrated the existence of an actual conflict of interest which manifested itself at trial. (107 Ill. 2d at 149.) We reach the same conclusion in this case.

■ Under the circumstances of the case, where defense counsel was faced with the possibility of being forced to cross-examine a former client or clients, the court held in *Cunningham* that a two-part test originally set forth in *United States v. Jeffers* (7th Cir. 1975), 520 F.2d 1256, should be applied to determine whether an actual conflict existed. (*Cunningham*, 107 Ill. 2d at 149.) The first factor is whether defense counsel's pecuniary interest and potential future business might cause him or her to avoid vigorous cross-examination that could be embarrassing to the witness. (107 Ill. 2d at 149.) The second factor is whether privileged information obtained from the witness might be relevant to the cross-examination. Mere hypothetical or speculative conflicts are not sufficient. (107 Ill. 2d at 150; *People v. Schaefer* (1989), 188 Ill. App. 3d 317, 322.) The mere possession of confidential information does not necessarily preclude effective cross-examination

under these circumstances; defendant has the burden of demonstrating the existence and materiality of the alleged confidential information. *Schaefer,* 188 Ill. App. 3d at 322.

With regard to the first factor, the court stated in *Cunningham* that the public defender would have had no pecuniary interest in an indigent witness. (*Cunningham,* 107 Ill. 2d at 150.) The same is true in the instant case. As to the second factor, there is nothing in the record which indicates that defense counsel's cross-examination of Richard Thompson was affected in any manner by his brief prior representation of Thompson. Defendant's attorney, George Fischer, vigorously cross-examined Thompson about the statements Thompson made to the police. Fischer also represented to the trial court that he withdrew from representing Thompson as soon as he realized the existence of a potential conflict so he could continue representing defendant. Defendant failed to show that Fischer obtained confidential information while he represented Thompson that may have hampered his cross-examination of Thompson and has therefore failed to establish that an actual conflict of interest existed which manifested itself at trial.

For the above reasons, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

McLAREN and REINHARD, JJ., concur.