THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN HAYES, Defendant-Appellant.

Fifth District   No. 5—88—0148

Opinion filed March 15, 1990.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, John Hayes, appeals from an order of the circuit court of Williamson County denying his motion to withdraw his guilty plea to the offense of unlawful possession of cannabis with intent to deliver in violation of section 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1987, ch. 56½, par. 705(e)). After defendant entered his plea of guilty he was sentenced to five years in the Department of Corrections. In this cause, defendant raises the issue whether the denial of his motion to withdraw should be reversed due to defense counsel's failure to comply with the dictates of Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). We reverse and remand.

In this appeal, the State filed a motion to file defendant's trial counsel's Rule 604(d) certificate. This court denied the State's motion.

A review of this procedural sequence in this case will be helpful. Defendant was charged by information on September 22, 1987, with two counts of possession of cannabis. In count I, defendant was charged with unlawful possession of cannabis with intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 705(e)) and in count II with unlawful possession of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 704(e)). Defendant had also been issued a citation for speeding. A preliminary hearing was held on October 23, 1987, at which time probable cause was found.

On December 22, 1987, defense counsel filed a motion to suppress. On December 30, 1987, a hearing on this motion to suppress evidence was held. In denying defendant's motion the court found that the officer had properly arrested defendant for speeding. This arrest had given the officer the justification to be in a position to smell burnt cannabis emanating from defendant's vehicle, which in turn gave rise to probable cause to search defendant's vehicle.

On January 11, 1988, defendant entered a negotiated plea of guilty to unlawful possession of cannabis with intent to deliver. Defendant was admonished as to the consequences of this plea, including the fact that he would waive a jury trial. The trial court also explained to defendant that in order to withdraw his guilty plea, he would have to file a motion to do so within 30 days. Defendant was then sentenced to the Department of Corrections for five years. The charges of unlawful possession of cannabis and speeding were dismissed.

On January 19, 1988, defendant filed a motion to withdraw his guilty plea. On March 3, 1988, a hearing was held on defendant's motion, at which time defense counsel argued that the motion to suppress evidence had been improperly denied. Defense counsel stated the motion to withdraw was being used to preserve the suppression issue for

appeal. Defendant's motion to withdraw was denied. On March 28, 1988, a transcript of the guilty plea hearing was certified and filed.

The critical issue in this case is the meaning to be given to the clear language of Rule 604(d) that the defense attorney must file a certificate stating, among other things, that he has "examined the trial court file and report of proceedings of the plea of guilty" prior to filing a Rule 604(d) certificate and that "[i]f the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) [(107 Ill. 2d R. 402(e))] be furnished the defendant without cost." Defendant specifically argues that he should be allowed to file a new motion to withdraw his guilty plea, because defense counsel did not file a certificate as required by Supreme Court Rule 604(d). Furthermore, the hearing on defendant's motion to withdraw was held on March 3, 1988, but the transcript of the guilty plea hearing was not certified and filed until March 28, 1988; therefore, defense counsel could not have possibly followed the dictates of Rule 604(d), as the motion was filed and the hearing on it was concluded before the transcript of the guilty plea hearing was available. Defendant also argues that the dictates of the rule were further disregarded because defendant did not receive a copy of the trial court transcript. We agree.

■■ ■ Supreme Court Rule 604(d), which governs guilty plea appeals, provides, in pertinent part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. (107 Ill. 2d R. 604(d).)

The rule also provides:

> "If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost." (107 Ill. 2d R. 604(d).)

Over the years, Illinois courts have interpreted Rule 604(d) differently. In some instances, strict compliance has been mandated, as in *People v. Sorensen* (1977), 49 Ill. App. 3d 984, 365 N.E.2d 171, wherein it was found to be reversible error for the trial court to conduct a hearing on the defendant's motion to withdraw a plea of guilty when no transcript of the guilty plea proceedings had been provided to the defendant. Additionally, the filing of a certificate of compliance under Rule 604(d) has been held to be mandatory, and generally, the trial court cannot hold a hearing on the motion to withdraw a plea of guilty until the Rule 604(d)

certificate has been filed. (*People v. Dean* (1978), 61 Ill. App. 3d 612, 615, 378 N.E.2d 248, 251.) In other instances, relaxation of the rule has occurred, specifically in cases in which the reviewing court could determine from the record before it that failure to comply was harmless error. (*People v. Lyell* (1982), 109 Ill. App. 3d 819, 441 N.E.2d 78; *People v. Lange* (1978), 59 Ill. App. 3d 603, 375 N.E.2d 919.) However, in light of the recent supreme court decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, a relaxed standard of compliance with Rule 604(d) is no longer acceptable.

While *Wilk* involved the timely filing of motions to withdraw guilty pleas, the supreme court's comments refer to the entire rule:

> "[T]here is a general perception in our criminal justice system, in spite of our holdings in *People v. Frey* (1977), 67 Ill. 2d 77[, 364 N.E.2d 46], and *People v. Stacey* (1977), 68 Ill. 2d 261[, 369 N.E.2d 1254], that a complete relaxation of Rule 604(d) is acceptable in this State. We hold today that it is not.
>
> At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them. Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants. Although these rules are too detailed to lay out here, they have been constructed to conform this State's criminal justice system to Federal constitutional standards and to avoid some of the excesses that both the State and defense counsel occasionally employ while they attempt to zealously represent their opposing interest. (See generally 107 Ill. 2d Rules 402, 604(d), 605(b), Committee Comments; Ill. Ann. Stat., ch. 110A, Rules 402, 604, 605, Committee Comments, Historical & Practice Notes (Smith-Hurd 1985).) These rules are not written in a vacuum and they represent our best efforts at ordering the complex and delicate process of plea bargains and guilty pleas." 124 Ill. 2d at 103-04, 529 N.E.2d at 221.

In the instant case, defense counsel did not file a Rule 604(d) certificate. Furthermore, two of the requirements of the rule were not met: first, defense counsel could not have possibly reviewed the transcript of the guilty plea hearing, as it was not filed until March 28, 1988, some three weeks after the motion to reconsider; second, defendant was indigent and was not supplied a copy of the transcript. We are obliged to follow the supreme court ruling in *Wilk* and hold that

defendant be allowed to file a new motion to withdraw his guilty plea and be allowed a new hearing due to defense counsel's error in not filing the required Rule 604(d) certificate and by not reviewing the guilty plea transcript. This is so even though, as pointed out by the State, defense counsel's failure to examine a verbatim transcript of the hearing was most likely *de minimis* since the hearing was held only one week after the actual guilty plea hearing and defense counsel could most likely remember what was said at the hearing. Moreover, even though the guilty plea hearing transcript, which was a part of the record on appeal, reveals that the plea was voluntary, we are compelled to follow the supreme court's directive in *Wilk* that Rule 604(d) contains rules which must be followed and are not merely suggestions. We no longer approach these cases in terms of whether the error in failing to comply with Rule 604(d) was harmless or prejudicial, but instead follow a rule of strict compliance. This will ensure "that constitutional claims which arise *dehors* the record *** will be first directed to the trial court and at a time when witnesses are still available and their memories fresh." *People v. Frey* (1977), 67 Ill. 2d 77, 84, 364 N.E.2d 46, 48.

We now address defendant's final contention that he must be given new counsel on remand. Defendant cites no authority for his proposition that he must be given new counsel, but instead makes what can be interpreted as an ineffective assistance of counsel claim. This claim is based on defense counsel's allowing defendant to enter a guilty plea, thereby effectively waiving any appeal based on the trial court's ruling on defendant's motion to suppress. (*People v. Dunn* (1972), 52 Ill. 2d 400, 288 N.E.2d 462.) After defendant's motion to suppress was denied, defense counsel obviously made a competent decision to allow defendant to plead guilty. We can find no error in defense counsel's judgment. Likewise, we find no reason to order that defendant be appointed new counsel, especially in light of the fact that defense counsel is familiar with the case because he has been the only attorney appointed.

For the foregoing reasons, this court reverses the order of the circuit court of Williamson County and remands for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WELCH and RARICK, JJ., concur.