THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALVIN T. JOHNSON, Defendant-Appellant.

Fourth District   No. 4—90—0418

Opinion filed December 20, 1990.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant pleaded guilty to home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11) and was sentenced to eight years' imprisonment. His trial counsel filed a timely motion to withdraw the guilty plea which was denied. Defendant appeals, contending the hearing on the motion to withdraw the guilty plea was defective because of the failure of defendant's attorney to comply with Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). Specifically, no report of proceedings from the guilty plea was prepared or examined by trial counsel and, accordingly, defendant's attorney was unable to file the certificate of compliance required by the rule in that regard.

The State concedes the rule was violated since the report of proceedings from the guilty plea was not prepared until several months after the hearing on the motion to withdraw the plea. Nevertheless, the State contends a new hearing is not required. Initially, the State argues that because defendant's post-sentencing attorney was also trial counsel, the failure to review a transcript of the guilty plea hear-

ing was *de minimis*. This identical argument was rejected in *People v. Steinmetz* (1982), 110 Ill. App. 3d 439, 442 N.E.2d 645, wherein the court concluded that to assume a knowledge of the record from the mere fact of continuous representation trammels on the policy behind this particular requirement of Rule 604(d), *i.e.*, that each defendant be assured adequate and proper representation on a motion to withdraw his guilty plea.

■ For this same reason, we also reject the State's alternative contention that the issue is waived because defense counsel stated that, although he had no recollection of the plea hearing, production of a transcript was within the court's prerogative and dependent only upon the court's memory of the events which transpired at the earlier hearing. This argument fails for two distinct reasons. In the first instance, the rule exists for the benefit of defendant, not the court. The court is under an affirmative duty to require production of a transcript upon the filing of a motion to withdraw the plea. Second, defense counsel is explicitly required to examine the transcript to make an adequate determination of whether any defects exist sufficient to warrant inclusion in a motion to withdraw the plea. We judge that neither trial counsel nor the court complied with the respective duties imposed independently upon them by the rule and, accordingly, the issue has not been waived by defendant.

The State finally argues that the error was harmless. In his motion, defendant raised four issues: two concerning the sufficiency of the admonitions he received prior to acceptance of the negotiated plea and two concerning the sentence the trial court subsequently imposed. The transcript from the plea hearing, which is a part of the record on appeal, reveals that none of these issues have any merit and defendant does not contend otherwise. Since the record on appeal does not reveal any error at the hearing on the plea which would have supported defendant's motion to withdraw the plea, and because defendant does not now argue that defense counsel did not raise an issue which could have been raised, the State concludes the issue is moot.

Defendant counters that the supreme court's decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, requires strict compliance with Supreme Court Rule 604; and case law which predates *Wilk*, which permitted only substantial compliance or found the error harmless, is no longer good law. Defendant cites *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30, for the proposition that strict compliance with the rule requires a remand for a new hearing on the motion to withdraw. The State counters that *Hayes* is distinguishable because in that case defendant specifically requested that he be al-

lowed to amend his motion to withdraw the plea while no similar relief is requested here. Defendant rejoins that implicit in a request for a new hearing after compliance with the rule is the possibility that an amendment to the motion may be sought.

■ As we acknowledged in *People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 528 N.E.2d 375, the supreme court in *Wilk* pointed out "the rules adopted by the supreme court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions." (*Ledbetter*, 174 Ill. App. 3d at 238, 528 N.E.2d at 378.) The supreme court has made clear that defendants must comply with this rule. No less can be required from the trial court and counsel. Expedience is no substitute for compliance.

For the reasons heretofore stated, the judgment of the circuit court of McLean County is vacated and the cause is remanded for further proceedings.

Vacated and remanded.

LUND, P.J., and KNECHT, J., concur.