THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES R. VICKERY, Defendant-Appellant.

Third District    No. 3—89—0782

Opinion filed January 15, 1991.—Rehearing denied February 28, 1991.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, James R. Vickery, appeals from the denial of his motion to withdraw his plea of guilty. The defendant contends the cause must be remanded for further post-plea proceedings because defense counsel failed to file a certificate with the trial court as required by Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). We reverse.

Pursuant to negotiations, the defendant pled guilty to one count of home invasion. The trial court admonished the defendant and determined that the plea was voluntary. At the conclusion of the sentencing hearing, the defendant was sentenced to 12 years in prison. Subsequently, a motion to withdraw the plea of guilty challenging the knowing and voluntary nature of the plea was filed. Following a hearing, the trial court denied the motion.

Rule 604(d) requires that before an appeal may be taken from a judgment entered on a guilty plea, the defendant must file a motion to withdraw the plea of guilty and vacate the judgment. The rule further requires in pertinent part that "[t]he defendant's attorney shall file with the trial court a certificate stating that the attor-

ney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 107 Ill. 2d R. 604(d).

In the instant case, defense counsel did not file a Rule 604(d) certificate. In *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30, the fifth district held that the requirements of Rule 604(d) must be strictly complied with and reversed based in part on the fact that defense counsel failed to file a Rule 604(d) certificate. The *Hayes* court found that in light of the decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, a relaxed standard of compliance with the strictures of Rule 604(d) was no longer acceptable. The supreme court in *Wilk*, in discussing the requirement of filing a Rule 604(d) motion to withdraw a plea of guilty, stated: "At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them." *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.

In light of *Wilk*, we find the reasoning of the *Hayes* court persuasive and adopt it. Therefore, we reverse the judgment of the circuit court of Kankakee County denying the defendant's motion to withdraw his plea of guilty, and remand the cause for further post-plea proceedings consistent with this opinion.

Reversed and remanded with directions.

McCUSKEY and SLATER, JJ., concur.