THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRANDI MABRY, Defendant-Appellant.

Third District    No. 3—90—0529

Opinion filed March 4, 1991.

Mark D. Fisher, of State's Appellate Defender's Office, of Ottawa, for
appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Brandi Mabry, pled guilty to attempt (murder) and armed robbery (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 9—1(a)(1), 18—2). She was subsequently sentenced to consecutive terms of 16 and 8 years' imprisonment, respectively. Thereafter, she filed a motion to withdraw her guilty pleas. The trial court denied the motion. The defendant appeals.

The indictments alleged that the defendant intentionally beat the victim and stabbed him with a knife, intending to kill him. They further alleged that the defendant, while armed with dangerous weapons, i.e., a bat and a knife, took property from the victim.

At a change of pleas hearing, the defendant was admonished of her rights pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402). After the prosecutor presented a factual basis for the defendant's guilty pleas, the trial court accepted her pleas and found her guilty of attempt (murder) and armed robbery. It then sentenced her to consecutive prison terms of 16 and 8 years.

Thereafter, the defendant filed a motion to withdraw her guilty pleas. At the hearing on her motion, defense counsel noted that he had filed the requisite Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) certificate, but had not reviewed the transcript of proceedings, which was unavailable. After hearing counsel's arguments, the court denied the defendant's motion.

On appeal, the defendant first argues that the cause should be remanded for a new hearing on her motion to withdraw her guilty pleas because her trial counsel did not review a transcript of the plea proceedings prior to the hearing on her motion to withdraw her pleas.

■■ Supreme Court Rule 604(d) provides in part that an indigent defendant's attorney must file a certificate stating that the attorney consulted with the defendant to ascertain her contentions of error in the entry of the guilty plea, examined the trial court file and report of proceedings of the guilty plea, and made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. 134 Ill. 2d R. 604(d).

The State concedes that Rule 604(d) was not fully complied with since the report of proceedings from the guilty plea hearing was not prepared until after the hearing on the motion to withdraw the plea.

Nevertheless, the State argues that it substantially complied with the rule and therefore a new hearing is not required.

■■ ■ We note that the same argument the State makes here was recently rejected in *People v. Johnson* (1990), 207 Ill. App. 3d 122, 565 N.E.2d 284. Furthermore, we note that Rule 604(d) must be strictly followed. (*People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218; *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30; *People v. Vickery* (1991), 207 Ill. App. 3d 574.) As the Supreme Court noted in *Wilk*, "[The] rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them." (*Wilk*, 124 Ill. 2d at 103, 529 N.E.2d at 221.) Accordingly, we vacate the judgment of the circuit court of Knox County denying the defendant's motion to withdraw her guilty pleas and remand the cause for a new hearing on the motion.

Turning to the defendant's second issue on appeal, we note that the issue may likely recur following remand and therefore we will address it here. The defendant argues that the court improperly used the same aggravating factor of severe harm to impose a sentence longer than the minimum and then to impose consecutive sentences. In support of her position, she relies on "double enhancement" case law stating that a potential aggravating factor for sentencing purposes, which also constitutes an element of the offense charged, cannot be considered as an aggravating factor in sentencing. *People v. Ferguson* (1989), 132 Ill. 2d 86, 547 N.E.2d 429; *People v. White* (1986), 114 Ill. 2d 61, 499 N.E.2d 467; *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

In pronouncing consecutive sentences of 16 years' imprisonment for (attempt) murder and 8 years' imprisonment for armed robbery, the trial court noted that the defendant had a prior criminal history and that the sentences imposed were necessary to deter others. It further noted that the defendant had caused serious bodily injury to the victim and that her offenses were accompanied by exceptionally brutal behavior indicative of wanton cruelty. In that regard, it noted that to accomplish the robbery, the defendant stabbed the victim and continued using force when the victim was down and was offering no further resistance. The court stated, however, that it would not impose an extended-term sentence, even though the extended-term provisions were applicable. It then held that it would impose consecutive sentences, noting that the criteria set forth in section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a)) were present.

██ Under the facts presented, we find no improper enhancement of the defendant's sentence. The case law cited by the defendant is not analogous to the instant case. The double enhancement cases cited by her involved situations where the same element enhanced both the classification of the offense and the sentence within the applicable range. In the instant case, both offenses were Class X felonies and were not enhanced to that classification by the fact that the defendant inflicted severe harm upon the victim. Moreover, we note that arguments similar to the one the defendant makes here were rejected in *People v. Russell* (1986), 143 Ill. App. 3d 296, 492 N.E.2d 960, and *People v. Biesiada* (1990), 201 Ill. App. 3d 39, 558 N.E.2d 520.

For the foregoing reasons, the judgment of the circuit court of Knox County denying the defendant's motion to withdraw her guilty plea is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

BARRY and McCUSKEY, JJ., concur.