THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DELANO DENSON, Defendant-Appellant.

First District (5th Division)   No. 1—90—1686

Opinion filed February 26, 1993.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Eileen O'Neill, and Kevin J. Golden, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

On April 12, 1990, defendant, Delano Denson (Denson), pled guilty to one count of unauthorized use of a weapon by a felon and one count of robbery. On May 11, 1990, defendant mailed a *pro se* motion to withdraw his guilty plea. After hearing, defendant's motion to vacate his guilty plea was denied.

Defendant raises three issues on appeal: (1) whether the trial court erred in failing to provide Denson with a transcript of the guilty plea proceedings as required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)); (2) whether the trial court conducted an adequate hearing to determine the merits of defendant's claim that his guilty plea was involuntary; and (3) whether the trial court erred in allowing Denson to proceed *pro se* without first ascertaining whether Denson wanted legal counsel other than the public defender present who Denson was alleging was ineffective and coerced his original plea.

At oral argument in this case, the court learned that Denson is due to be released in one week. Unfortunately, this appeal has followed the current course of many criminal appeals in which the defendant has either served his term or is eligible for parole by the time the appeal is decided. We mention this to express the court's concern over delays in all aspects of the appellate system, but stress that these concerns have no bearing on our determination of the merits of this or any other appeal pending before this court.

The facts of the case are as follows. On April 12, 1990, Denson entered a plea of guilty to one count of unauthorized use of a weapon by a felon and one count of robbery. At this hearing defendant was represented by Assistant Public Defender LaFarell Moffett (APD Moffett). The trial judge accepted Denson's plea and imposed concur-

rent sentences of seven and two years for robbery and unlawful use of a weapon, respectively.

The transcript from April 12, 1990, discloses the following. The trial court admonished the defendant that his attorney had requested a conference in the matter. The matter was passed and the record indicates that a conference would be held. After a conference, the trial judge read each of the charges to the defendant. Defendant indicated that he understood each of the charges and expressed his desire to plead guilty. Prior to accepting the defendant's guilty pleas, the trial judge advised the defendant of his rights and attempted to determine whether the defendant understood those rights. The trial judge asked and Denson indicated he understood that by pleading guilty to the charge of unlawful use of a firearm by a felon, he could be sentenced to the penitentiary for a term of not less than two nor more than five years, or under certain circumstances, not less than 5 nor more than 10 years. The court then stated: "As to the charge of robbery, that's a class 2 felony, but because of your prior contact of which we have been made aware, it becomes a class X felony. So the possible penalty in that case is not less than 6 nor more than 30, and under certain circumstances extended not less than 30 but no more than 60 years." Denson stated he understood. Denson testified that he understood that he had a right not to plead guilty and that by pleading guilty he was giving up certain rights including the right to a jury trial. The judge asked if Denson understood what a jury trial was and asked Denson to explain to him what it means. Denson replied, "Twelve people decide my case." Denson asked the judge if he would get credit for the two months he had already served since his arrest on the robbery charge.

The trial court also informed Denson that by pleading guilty he was waiving his right to a bench trial, his right to confront witnesses, his right against self-incrimination, his right to remain silent, the right to cross-examine witnesses, the right to object to unreasonable searches and seizure, and the right to object to identification testimony. Defendant indicated that he understood he was waiving each of those rights.

When the trial court asked if Denson was entering the guilty plea freely and voluntarily, Denson responded, "What do you mean?" To which the trial court questioned, "Nobody threatened you?" Denson replied, "No." The trial court indicated that if Denson chose to plead guilty, the State would recommend seven years in the Department of Corrections on the robbery charge, and two years on the unlawful use of a weapon charge, the sentences to run concurrently. Denson stated

he understood that. Finally, the trial judge asked Denson if anyone had made him any other promises. Denson replied, "No."

Before imposing sentence the trial judge advised Denson that he had a right to a presentence investigation and written report and that if Denson chose to give up that right, the trial judge was allowed to impose sentence at that time. APD Moffett indicated that Denson had executed the appropriate waiver. When asked if he had anything to say before the trial court imposed sentence, Denson replied, "Upon my release, I hope I become a better young man. That's all."

On May 11, 1990, Denson mailed notice of a motion to withdraw his guilty plea to the court. In the affidavit attached to the motion, Denson alleged the ineffectiveness of his counsel, specifically asserting: (1) that his counsel coached him to plead guilty; (2) his counsel failed to consult with him before trial and never investigated any of the facts of the case; (3) that counsel never intended to take the case to trial; (4) Denson was intimidated by threats of receiving a maximum term if he did not plead guilty; and (5) Denson did not understand the court system or the extent of his guilty plea.

On June 11, 1990, at the hearing on the motion to vacate Denson's guilty plea, APD Moffett appeared on the record and informed the court that Denson filed a motion to withdraw his guilty plea alleging ineffective assistance of counsel. APD Moffett indicated that he was the attorney who represented Denson on the date the pleas were entered, that both of the charges were conferenced and pleas of guilty were entered at that time. He further indicated that the motion sought to withdraw the plea of guilty to the robbery charge and Denson was seeking to proceed on a *pro se* basis.

The trial court admonished Denson that he had a right to an attorney and to have one appointed to him. Denson indicated that he understood each of those rights, yet he still wished to proceed alone. A transcript of the prior guilty plea proceedings was not prepared prior to this hearing. After passing the matter to allow the State to look at the motion, the trial court asked Denson if there was anything he wanted to add to his written motion or if he had any witnesses he wanted to call. Denson responded no to each of the questions.

The prosecutor indicated that his recollection was that APD Moffett asked that the case be passed, so he could consult with the defendant, and that APD Moffett spent a considerable amount of time with Denson before he returned to inform the State that Denson was willing to accept the plea. The prosecutor stated that before the plea was actually taken, the trial judge admonished defendant at length regarding his rights. The trial court asked Denson if there was anything

he wished to say. Denson responded, "At that time that I was—I was coming to conference for a cop-out for the two years. I wasn't ready for the robbery case, your Honor. \*\*\* You know, so he explained all that to me, but I misunderstood all that because I was warned—we had set a date for conference for the UUW."

The trial court denied the motion to vacate the plea of guilty. The trial judge advised Denson that he had a right to appeal the decision of the trial court and asked if Denson wanted him to appoint somebody for purposes of appeal. Denson indicated that he wanted someone appointed and asked if it was possible for him to "get a time cut or anything on the case?" The court responded, "[I]t's always possible to have anything done, but in this case, and I have a clear recollection of this case, we would not be of such a mind." Denson filed this timely appeal.

For the following reasons, we must reverse and remand the matter for further proceedings.

■ Denson's hearing on his motion to vacate his guilty plea was held on June 11, 1990. The transcript of his original plea proceedings held on April 12, 1990, was not prepared until June 24, 1992. Defendant argues that since Denson was not provided with a copy of this transcript prior to the June 11, 1990, hearing, the trial court failed to assure that the mandates of Supreme Court Rule 604(d) were adhered to.[1]

Supreme Court Rule 604(d) provides in pertinent part:

"If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (134 Ill. 2d R. 604(d).)

The mandates of Supreme Court Rule 604(d) must be strictly adhered to. (*People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, 221-23; see also *People v. Hoskins* (1992), 237 Ill. App. 3d 897, 605 N.E.2d 117; *People v. Byers* (1990), 196 Ill. App. 3d 502, 507-08, 554 N.E.2d 317;

---

[1]The filing of a certificate by an attorney is not at issue in this case as the defendant appeared *pro se*.

*People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30.) The Illinois Supreme Court in *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221, stated:

> "[T]here is a general perception in our criminal justice system, in spite of our holdings in *People v. Frey* (1977), 67 Ill. 2d 77, and *People v. Stacey* (1977), 68 Ill. 2d 261, that a complete relaxation of Rule 604(d) is acceptable in this State. We hold today that it is not.
>
> At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them. Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants."

Applying *Wilk* to the instant case, we hold that the failure to provide Denson with a transcript of the plea proceedings prior to the hearing on the motion to withdraw the plea fell short of the necessary strict compliance.

In *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30, defense counsel did not file a Rule 604(d) certificate, counsel did not review the transcript of the guilty plea hearing and defendant was indigent and not supplied a copy of the transcript. The Fifth District Appellate Court stated:

> "We are obliged to follow the supreme court ruling in *Wilk* and hold that defendant be allowed to file a new motion to withdraw his guilty plea and be allowed a new hearing due to defense counsel's error in not filing the required Rule 604(d) certificate and by not reviewing the guilty plea transcript. This is so even though, as pointed out by the State, defense counsel's failure to examine a verbatim transcript of the hearing was most likely *de minimis* since the hearing was held only one week after the actual guilty plea hearing and defense counsel could most likely remember what was said at the hearing. Moreover, even though the guilty plea hearing transcript, which was a part of the record on appeal, reveals that the plea was voluntary, we are compelled to follow the supreme court's directive in *Wilk* that Rule 604(d) contains rules which must be followed and are not merely suggestions. We no longer approach these cases in terms of whether the error in failing to comply with Rule 604(d) was harmless or prejudicial, but in-

stead follow a rule of strict compliance." (*Hayes*, 195 Ill. App. 3d at 960-61.)

We find the reasoning in *Hayes* persuasive on this issue. In the present case, as in *Hayes*, the transcript of the plea proceedings is contained in the record on appeal, and although the transcript reveals that the plea was voluntary, a strict interpretation of Rule 604(d) does not allow us to dismiss the error as harmless.

The State acknowledges that defendant did not receive a copy of the plea transcript, but maintains that this error was harmless. The State cites several cases which have held the failure to strictly comply with Supreme Court Rule 604(d) to be harmless error. See *People v. Gabala* (1991), 211 Ill. App. 3d 351, 570 N.E.2d 377; *People v. Taylor* (1982), 110 Ill. App. 3d 1140, 443 N.E.2d 699 (failure to file a formal certificate as required by rule only harmless error as long as defense counsel substantially complied with rule); *People v. Lyell* (1982), 109 Ill. App. 3d 819, 441 N.E.2d 78 (strict compliance with Rule 604(d) is required and failure to comply will be held reversible error except in situations where the record indicates that the failure to comply was harmless error); *People v. Steinmetz* (1982), 110 Ill. App. 3d 439, 442 N.E.2d 645 (failure to file certificate of compliance or transcript harmless error where record shows trial counsel performed every function contemplated by the rule); *People v. Hopson* (1981), 101 Ill. App. 3d 564, 428 N.E.2d 680 (strict compliance with requirement for filing a certificate that counsel had consulted with defendant to ascertain his contentions of error in entering a plea of guilty were harmless error where record reveals that counsel has performed all the functions required by the rule).

With the exception of *People v. Gabala*, all the cases cited by the State preceded the Illinois Supreme Court's decision in *Wilk*.[2] In *Gabala*, the court held that substantial compliance with Rule 604(d) is adequate under certain circumstances. However, recently, in *People v. James* (1992), 233 Ill. App. 3d 963, 599 N.E.2d 960, this division held that failure to file a certificate as required by Rule 604(d) fell short of the necessary strict compliance. Applying *Wilk*, this court recognized that the holding in *James* conflicted with *Gabala*, but also stated that

---

[2]We note, although *Gabala* was decided subsequent to *Wilk*, the court relied only on cases decided prior to *Wilk*. See *People v. Lyell* (1982), 109 Ill. App. 3d 819, 441 N.E.2d 78; *People v. Lange* (1978), 59 Ill. App. 3d 603, 375 N.E.2d 919; *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105; *People v. Evans* (1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77.

the court believed *Gabala* was contrary to the clear import of *Wilk*. We must agree with this court's holding in *James*.

In light of the Illinois Supreme Court's holding in *Wilk*, and this court's own holding in *James*, we must find that the trial court erred in failing to strictly comply with Supreme Court Rule 604(d). Therefore, we reverse the decision of the trial court denying the defendant's motion to withdraw his plea of guilty, and remand the cause for further post-plea proceedings. Defendant will be allowed to file a new motion to withdraw his guilty plea and will be allowed a hearing on the new motion.

■ Defendant's second argument is that the trial court failed to conduct an adequate hearing on defendant's motion to withdraw his guilty plea. The general rule is that it is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and absent showing of an abuse of discretion, a reviewing court will not disturb that decision. *People v. Davis* (1991), 145 Ill. 2d 240, 244, 582 N.E.2d 714.

> " 'Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty.' " (*Davis*, 145 Ill. 2d at 244, quoting *People v. Morreale* (1952), 412 Ill. 528, 531-32, 107 N.E.2d 721.)

The burden is on the defendant to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression. (*People v. Hale* (1980), 82 Ill. 2d 172, 176, 411 N.E.2d 867.) However, in light of our determination that the matter must be remanded to the trial court for a new hearing, we need not address the adequacy of the initial hearing.

Defendant also argues that the trial court erred in allowing him to proceed *pro se* without first determining whether he wanted the assistance of legal counsel other than the assistant public defender who had originally represented him. Since we have remanded the matter for a new hearing, we need not address the merits of this issue. It is apparent from Denson's argument on appeal that defendant is aware that he may have different counsel appointed or proceed *pro se*.

Accordingly, for all the reasons set forth above, we reverse the decision of the trial court denying the motion to vacate the guilty plea and remand the matter for a new hearing on the motion.

Reversed and remanded with directions.

GORDON, P.J., and COUSINS, J., concur.