Rule 23 filed 10/3

Withdrawn, filed 10/25 nunc pro tunc.

                               NO. 4-94-0970

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from

          Plaintiff-Appellee,           )    Circuit Court of

          v.                            )    Champaign County

MARK KERKERING,                         )    No. 92CF2485

          Defendant-Appellant.          )

                                        )    Honorable

                                        )    Harold L. Jensen,

                                        )    Judge Presiding.

_________________________________________________________________

          PRESIDING JUSTICE COOK delivered the opinion of the

 court:

          In February 1993, defendant Mark Kerkering pleaded

guilty to one count of child pornography in violation of section

11-20.1(a)(6) of the Criminal Code of 1961 (Code) (720 ILCS 5/11-

20.1(a)(6) (West 1992)) and one count of criminal sexual assault

in violation of section 12-13(a)(3) of the Code (Ill. Rev. Stat.

1987, ch. 38, par. 12-13(a)(3)).  In exchange for the plea, the

State agreed to drop nine other charges.  There was no agreement

as to the sentence.

          Defendant was sentenced to 3 years' imprisonment on the

child pornography charge and 10 years' imprisonment on the

criminal sexual assault charge.  The sentences were made to run

concurrently.  Defendant, through his attorney, filed a timely

motion to reconsider sentence.  The trial court denied defen-

dant's motion, and defendant appealed, alleging the trial court

abused its discretion in sentencing him.  This court vacated and

remanded the cause, noting there was noncompliance with

Rule604(d) (145 Ill. 2d R. 604(d)) and concluding that "defendant

is entitled to a remand for the filing of a new motion to reduce

sentence."  People v. Kerkering, No. 4-93-0495, slip order at 2

(September 23, 1994) (unpublished order under Supreme Court Rule

23).

          Upon remand, defendant's attorney filed a proper Rule

604(d) certificate.  Defense counsel, however, did not file a new

motion to reduce sentence.  Defense counsel reargued the motion

before the court.  In addition to matters raised in defendant's

motion to reconsider sentence, defense counsel argued that

defendant had been a model prisoner while his case was on appeal. 

Defendant was present at this hearing.  The trial court again

denied defendant's motion to reconsider sentence and defendant

again appeals.  We affirm.

          Defendant argues that this court must once again vacate

and remand this case because there was noncompliance with Rule

604(d), the supreme court's decision in People v. Janes, 158 Ill.

2d 27, 630 N.E.2d 790 (1994), and this court's previous order. 

Specifically, defendant argues that, upon remand, defense counsel

was required to file not only a Rule 604(d) certificate, but also

a new motion to reconsider sentence.

          In the first appeal, this court concluded that the case

had to be remanded under the authority of Janes.  In Janes, the

defendant pleaded guilty to three counts of murder.  The trial

court sentenced the defendant to death, and the defendant filed a

pro se motion to withdraw his guilty plea and a motion for

resentencing.  The defendant's attorney stated that he felt as

though his obligations as a court-appointed attorney had termi-

nated, but that he would argue the motion nonetheless.  The

defendant's attorney did not file a Rule 604(d) certificate.

          The Janes court noted that all five districts of the

appellate court had held that Rule 604(d) requires strict compli-

ance.  Janes, 158 Ill. 2d at 32, 630 N.E.2d at 792.  The court

quoted with approval the fifth district's decision in People v.

Hayes, 195 Ill. App. 3d 957, 960-61, 553 N.E.2d 30, 32 (1990),

wherein the court found:

          "'We are obliged to follow the supreme court

          ruling in [People v. Wilk, 124 Ill. 2d 93,

          529 N.E.2d 218 (1988),] and hold that defen-

          dant be allowed to file a new motion to with-

          draw his guilty plea and be allowed a new

          hearing due to defense counsel's error in not

          filing the required Rule 604(d) certifi-

          cate.***'"  Janes, 158 Ill. 2d at 33, 630

          N.E.2d at 792.

The Janes court then affirmed the holdings of each district of

the appellate court which had "granted the defendants therein the

right to file a new motion to withdraw guilty plea and the right

to have a hearing on the new motion."  Janes, 158 Ill. 2d at 33,

630 N.E.2d at 792.  The court then "unequivocally" stated that:

          "with the exception of the motion require-

          ments addressed in Wilk and [People v. Wal-

          lace, 143 Ill. 2d 59, 570 N.E.2d 334 (1991)],

          the remedy for failure to strictly comply

          with each of the provisions of Rule 604(d) is

          a remand to the circuit court for the filing

          of a new motion to withdraw guilty plea or to

          reconsider sentence and a new hearing on the

          motion."  Janes, 158 Ill. 2d at 33, 630

          N.E.2d at 792.

The supreme court retained jurisdiction and remanded the case "to

allow defendant to file a new motion to withdraw his guilty plea

and for a hearing on that motion in full compliance with Rule

604(d)."  Janes, 158 Ill. 2d at 35-36, 630 N.E.2d at 794.

          In support of his argument that trial counsel's failure

to file a new motion to reconsider sentence requires a remand,

defendant relies upon the second district's decision in People v.

Oliver, 276 Ill. App. 3d 929, 659 N.E.2d 435 (1995).  The facts

in Oliver are very similar to the facts in the case at bar.  In

Oliver, the defendant filed a motion to withdraw her guilty plea. 

The trial court denied the motion and the defendant appealed. 

The second district vacated the trial court's ruling because

defense counsel had not filed a Rule 604(d) certificate.  Upon

remand, the defendant's new attorney filed a Rule 604(d) certifi-

cate and stated that he had no amendments to the previously filed

motion.  The defense attorney "stated that he would stand on the

previous motion.  The State's Attorney stipulated that the

testimony would be the same as at the prior hearing."  Oliver,

276 Ill. App. 3d at 931, 659 N.E.2d at 437.  The trial court

again denied the defendant's motion, and the defendant appealed

again.  Oliver, 276 Ill. App. 3d at 931, 659 N.E.2d at 437.

          Picking up on the language in Janes that "the remedy

for failure to strictly comply with each of the provisions of

Rule 604(d) is a remand to the circuit court for the filing of a

new motion to withdraw guilty plea or to reconsider sentence and

a new hearing on the motion" (emphasis added) (Janes, 158 Ill. 2d

at 33, 630 N.E.2d at 792), the Oliver court concluded that Janes

"requires a new motion and a new hearing after a remand for the

failure to comply with Rule 604(d)."  (Emphasis added.)  Oliver,

276 Ill. App. 3d at 932, 659 N.E.2d at 438.  The court also held

that "[t]he failure to file a new motion alone would be suffi-

cient to render the second hearing nugatory."  Oliver, 276 Ill.

App. 3d at 932, 659 N.E.2d at 438.  The case was remanded again. 

For reasons detailed below, we disagree with the Oliver court's

interpretation of Janes.

          If a defendant wishes to appeal a guilty plea or the

sentence imposed by the trial court, he must strictly comply with

Rule 604(d).  Janes, 158 Ill. 2d at 33, 630 N.E.2d at 792.  Under

Rule 604(d), a defendant must first file a written motion to

withdraw the plea of guilty or to reconsider the sentence.  The

motion must then be presented to the trial judge.  If the defen-

dant is indigent, the court must appoint counsel.  The

defendant's attorney must then file

          "a certificate stating that the attorney has

          consulted with the defendant *** to ascertain

          his contentions of error in the sentence or

          the entry of the plea of guilty, has examined

          the trial court file and report of proceed-

          ings of the plea of guilty, and has made any

          amendments to the motion necessary for ade-

          quate presentation of any defects in those

          proceedings."  145 Ill. 2d R. 604(d).

The trial court must hear the motion promptly.  If the motion is

denied, the defendant may then appeal.

          In the instant case, defendant filed, through his

attorney, a timely motion to reconsider sentence.  Until this

point, the defendant had complied with Rule 604(d).  However,

defendant's attorney did not file a Rule 604(d) certificate, and

therefore did not comply with Rule 604(d).  This being the case,

the trial court should not have proceeded to a hearing on the

motion.  Upon remand, however, defendant's trial counsel filed

the necessary Rule 604(d) certificate.  The court then held a new

hearing on the motion.  Thus, contrary to defendant's appellate

attorney's contentions, defendant has now strictly complied with

Rule 604(d).

          The question then becomes whether Janes or this court's

earlier order that "defendant is entitled to a remand for the

filing of a new motion to reduce sentence" (Kerkering, No. 4-93-

0495, slip order at 2 (September 23, 1994) (unpublished order

under Supreme Court Rule 23)) requires that defendant's attorney,

upon remand, file a new motion to reconsider sentence.  We

conclude that they do not.

          Rule 604(d) permits an attorney to amend a defendant's

motion to withdraw a plea of guilty if it is "necessary for

adequate presentation of any defects in those proceedings."  145

Ill. 2d R. 604(d).  In the instant case, the defect in the pro-

ceedings below occurred when defendant's trial counsel initially

failed to file the Rule 604(d) certificate.  Logically, this is

where the case should begin again upon remand:  with the attorney

reviewing the proceedings for potential error and, if necessary,

making amendments to the motion.  Regardless of whether the

attorney amends the motion, the attorney must then file the Rule

604(d) certificate.  After the Rule 604(d) certificate has been

filed, the trial court must hold a second hearing on the motion. 

This is because of the well-established rule that the filing of

the Rule 604(d) certificate is a condition precedent to a hearing

on the motion.  People v. Hancock, 208 Ill. App. 3d 1092, 1093,

567 N.E.2d 633, 634 (1991).

          We believe this decision comports with the Janes

decision.  The Janes court based its decision upon the rationale

in several appellate court cases, and the Hayes decision in

particular.  Nowhere in the Hayes opinion is it stated that, upon

remand, trial counsel must file a new motion to reconsider

sentence or to withdraw guilty plea.  Rather, the Hayes court

held that the defendant should be "allowed to file a new motion

to withdraw his guilty plea and *** allowed a new hearing." 

(Emphasis added.)  Hayes, 195 Ill. App. 3d at 961, 553 N.E.2d at

32; see also People v. Denson, 243 Ill. App. 3d 55, 62, 611

N.E.2d 1230, 1234 (1993) (defendant will be allowed to file a new

motion to withdraw his guilty plea and will be allowed a hearing

on the new motion); People v. Vickery, 207 Ill. App. 3d 574, 576,

566 N.E.2d 495, 496 (1991) (adopting Hayes).  Furthermore,

notwithstanding the language in Janes which suggests that the

filing of a new motion is required, the Janes court used permis-

sive language when it remanded the cause "to allow defendant to

file a new motion to withdraw his guilty plea and for a hearing

on that motion in full compliance with Rule 604(d)."  (Emphasis

added.)  Janes, 158 Ill. 2d at 36, 630 N.E.2d at 794.

          We believe a reading of Janes that makes the filing of

a new Rule 604(d) motion permissive rather than mandatory is more

logical and better suits the goal of judicial economy.  There-

fore, we hold that when a case is remanded for the filing of a

Rule 604(d) certificate, the attorney need only file a new motion

to reconsider sentence or to withdraw guilty plea if he or she

determines that such action is "necessary for [the] adequate

presentation of any defects" (145 Ill. 2d R. 604(d)) in the

guilty plea or sentencing proceedings.  Thereafter, the trial

court must conduct a new hearing on the motion.  In this case,

defendant's trial attorney apparently did not believe that any

amendments were necessary.  The trial court conducted a new

hearing.  Accordingly, this case need not be remanded.

          This leaves the court with the question of whether

defendant's sentence was an abuse of discretion.  We conclude

that it was not.  The imposition of a sentence is a matter of

judicial discretion, and the standard of review to determine

whether a sentence is excessive is whether a trial court abused

that discretion.  People v. McCain, 248 Ill. App. 3d 844, 850,

617 N.E.2d 1294, 1299 (1993).  A trial court's sentencing deci-

sions are entitled to great deference and weight.  McCain, 248

Ill. App. 3d at 850, 617 N.E.2d at 1299.  Where a sentence falls

within the statutory guidelines, it will not be disturbed on

review unless it is manifestly disproportionate to the nature of

the case.  People v. Nussbaum, 251 Ill. App. 3d 779, 783, 623

N.E.2d 755, 758 (1993).

          Defendant was convicted of criminal sexual assault in

violation of section 12-13(a)(3) of the Code (Ill. Rev. Stat.

1987, ch. 38, par. 12-13(a)(3)).  This is a Class 1 felony (Ill.

Rev. Stat. 1987, ch. 38, par. 12-13(b)) punishable by not less

than four years and not more than 15 years (Ill. Rev. Stat. 1987,

ch. 38, par. 1005-8-1(a)(4)).  Defendant was charged with child

pornography in violation of section 11-20.1(a)(6) of the Code

(720 ILCS 5/11-20.1(a)(6) (West 1992)).  This is a Class 4 felony

(720 ILCS 5/11-20.1(c) (West 1992)) punishable by not less than

one year and not more than three years (730 ILCS 5/5-8-1(a)(7)

(West 1992)).  Defendant could have been sentenced to consecutive

terms of imprisonment.  730 ILCS 5/5-8-4(a) (West 1992).  Defend-

ant's sentence falls within the statutory guidelines.

          At the sentencing hearing, defendant offered several

factors in mitigation supporting a lesser sentence.  In particu-

lar, defendant noted that (1) he had accepted responsibility for

his actions; (2) he had cooperated with police; (3) he lacked a

prior criminal record; (4) he was gainfully employed; (5) this

was an event that was unlikely to recur; (6) he was willing to

seek treatment and obey the terms of probation; and (7) his

family had a history of sexual abuse.  However, the existence of

mitigating factors does not automatically obligate the court to

reduce the sentence from the maximum.  People v. Houck, 185 Ill.

App. 3d 585, 588, 541 N.E.2d 813, 815 (1989).

          The record also indicates that the trial court consid-

ered factors in aggravation.  The trial court heard evidence that

defendant had been abusing his children for years.  One of his

victims reported suffering serious ongoing problems as a result

of the years of abuse.  The trial court found that it would be

inconsistent with the ends of justice to sentence defendant to

probation.  In short, the record reveals that the trial court

properly considered all relevant mitigating and aggravating

factors when it determined defendant's sentence.  In doing so,

the trial court imposed a sentence well within the statutory

range.  The trial court did not abuse its discretion in its

sentencing defendant to concurrent terms of 3 years' imprisonment

for the child pornography conviction and 10 years' imprisonment

on the criminal sexual assault conviction.

          For the foregoing reasons, the trial court's judgment

is affirmed.

          Affirmed.

          GREEN and KNECHT, JJ., concur.